IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN ROSARIO, | : | CIVIL ACTION |
|    Petitioner, | : | |
| v. | : | |
| | : | |
| MICHAEL HARLOW, ET AL., | : | NO. 12-305 |
|    Respondents. | : | |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                July      30, 2012

      Before the Court for Report and Recommendation is the counseled petition of Nathan Rosario ("Rosario" or "Petitioner") for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the State Correctional Institution in Albion, Pennsylvania serving a sentence that arises out of a prosecution in Philadelphia County.[1] In his counseled petition, he claims that he received ineffective assistance of counsel in that he was "abandoned" by prior counsel during the appeals process.

      Upon considering the Petition ("Pet."), attached Memorandum ("Pet. Mem."), and exhibits ("Pet. Mem. Ex.") (Doc. No. 1), Respondent's Response ("Resp.")and attached exhibits (Doc. No. 7), the state court record ("St. Ct. Rec."), and for the reasons that follow, we find that Petitioner's claim is untimely. Accordingly, we recommend that his petition be dismissed.

---

[1] We note that while the institution where Petitioner is confined is in Erie County and within the Western District of Pennsylvania, *see* 28 U.S.C. § 118(c), venue is proper here in that his confinement grew out of a prosecution and conviction within the Eastern District of Pennsylvania. *See* 28 U.S.C. § 2241(d).

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of the representation of Petitioner by Scott F. Griffith, Esquire, and concerns the handling of certain appeals following the entry of guilty pleas in four unrelated cases: a March 29, 2001 robbery, an April 1, 2001 robbery and burglary, an April 3, 2001 robbery and burglary, and an April 4, 2001 robbery and burglary. (Pet. Mem. Ex. F at 1-2.) The guilty pleas were entered before the Honorable James J. Fitzgerald, III of the Philadelphia County Court of Common Pleas on September 12, 2001. (Pet. Mem. at 2.) While Petitioner was represented by Public Defender Patricia McKinney, Esquire at the time of the entry of the pleas, he subsequently retained the services of Mr. Griffith. (Pet. Mem. Ex. F at 3.) On January 18, 2002, Mr. Griffith filed a motion seeking to withdraw all four guilty pleas. (*Id*.) On October 10, 2002, the court granted the motion with respect to the March 29, 2001 and April 4, 2001 charges, but upheld the convictions in his other two cases. (*Id.* at 8.)

In the case regarding the events of April 1, 2001, where the court denied his request to withdraw the plea, Petitioner was sentenced on October 29, 2002 to a term of imprisonment of fourteen to thirty years. (Pet. Mem. at 2-3.) In the case regarding the events occurring on April 3, 2001, where the court also denied his request to withdraw his plea, he was sentenced to a term of imprisonment of twenty-five to fifty years. (*Id.* at 3.)

On November 5, 2002, Petitioner filed a Post-Sentence Motion requesting that the Court reconsider his motion to withdraw his guilty pleas in those cases. (*Id.*) Judge Fitzgerald denied this motion on January 17, 2003. (*Id.*) On February 13, 2003, Mr. Griffith filed a timely Notice of Appeal with the Pennsylvania Superior Court. (*Id.*) As required by the Superior Court rules, he also

timely filed his 1925(b) Statement,[2] and was granted an extension of time until October 15, 2003 to file an opening appellate brief. (*Id.*; St. Ct. Rec. Doc. D-12.) Regrettably, however, he failed to file the brief. (*Id.*) On November 17, 2003, the court dismissed Petitioner's appeal for this failure. (*Id.*)

Of the two cases where Petitioner was permitted to withdraw his guilty pleas, the case regarding events on March 29, 2001 was dismissed when the Commonwealth withdrew its prosecution. The case regarding events on April 4, 2001 went to trial before the Honorable Willis J. Berry, Jr. in October 2003. (Resp. at 3-4; Pet. Mem. at 3.) That case resulted in a conviction on two counts of robbery, one count of burglary, two counts of aggravated assault, possession of an instrument of crime, criminal trespass, two counts of terroristic threats and two counts of unlawful restraint. (Pet. Mem. at 3.) Petitioner was sentenced on October 6, 2003 to an aggregate sentence of eighteen to thirty-six years imprisonment. (*Id.*)

Mr. Griffith timely filed a Notice of Appeal to the Pennsylvania Superior Court on October 28, 2003. (*Id.* at 4.) He also timely filed his 1925(b) Statement,[3] and was granted an extension of time to file a brief until April 22, 2005. (*Id.*; St. Ct. Rec.) Again, however, he failed to file the brief. (*Id.*) On May 19, 2005, the appeal was dismissed for this failure. (*Id.*)

On September 17, 2007, three years and ten months after the dismissal of Petitioner's appeal from his charges for which he was not permitted to withdraw his guilty pleas and some two years and four months after the dismissal of his appeal from his case resulting in a guilty verdict at trial,

---

[2] While the Quarter Sessions file that we received from the Court of Common Pleas does not contain the 1925(b) Statement, the opinion subsequently prepared by Judge Fitzgerald suggests that Petitioner challenged the court's refusal to permit him to withdraw his guilty plea and various aspects of the sentence imposed by the court.

[3] Neither the 1925(b) statement nor an opinion of Judge Berry is contained in the Quarter Sessions file to shed light on the basis for Petitioner's appeal.

Petitioner's current counsel filed an application under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546 seeking to reinstate his appeals for all three of his cases. (Resp. at 4.) Acknowledging the significant delay involved, Rosario claims that he did not know, nor could he have found out through the exercise of due diligence, that his appeals were dismissed until August 29, 2007, when his wife visited current counsel's office. (Pet. Mem. at 4.) Given that he applied for PCRA relief on September 17, 2007, well outside the PCRA's one year limitation period as to even that latest of the three cases, he has contended that he falls within the exception to the limitation period for claims with factual predicates that could not have been earlier discovered.[4] (*Id.*)

Judge Berry held an evidentiary hearing on the PCRA application on January 28, 2009. (*Id.*) At the hearing counsel presented certain correspondence between Rosario's wife and Mr. Griffith. (Resp. at 5.) In her letter of August 25, 2006, Mrs. Rosario asked Mr. Griffith for "an update on Nathan's appeals," and requested "copies of the appeals and the trial transcript from the one trial he had." (Pet. Mem. Ex. C.) Receiving no response, Mrs. Rosario sent a letter to the senior partner of Mr. Griffith's law firm on November 29, 2006 complaining about Mr. Griffith's failure to respond to her calls, and asking for copies of "trial transcripts, any discoveries, appeals, and briefs associated with the case [i]n other words . . . ALL written wor[k]," and further stating that she had retained a new attorney. (*Id.*) On November 30, 2006, Mr. Griffith responded, stating that he had performed

---

[4] A petition for PCRA review does not have to be filed within one year of the judgment becoming final if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa. Cons. Stat. § 9545(b)(1)(ii). A petition invoking 42 Pa. Cons. Stat. § 9545(b)(1)(ii) has to be filed within 60 days of the factual predicate being discovered. *See* 42 Pa. Cons. Stat. § 9545(b)(2).

"multiple filings to protect Nathan's appellate rights." (*Id.*) On December 1, 2006, Mrs. Rosario sent a letter to Mr. Griffith with a form enclosed giving her power of attorney and also stating that since "there was only one trial and no appeals yet pursued, [she] cannot understand how [Mr. Griffith] performed $35,000 worth of work." (*Id.*)

In addition to the correspondence presented at the evidentiary hearing, Rosario presented a written unsworn declaration[5] from Mr. Griffith stating that he "did not file briefs supporting [the] appeals because [he] had not been retained by Mr. Rosario to do so and [he] had received no compensation from Mr. Rosario related to pursuing any appellate relief on his behalf." (Pet. Mem. Ex. B.) Rosario also testified through video conference that he and his wife had been diligent in trying to find out about his appeals, although he admitted that he did not know what specific efforts his wife had made on his behalf to ascertain the status of his appeals, apart from the written correspondence that was presented. (Pet. Mem. Ex. A at 24.)

On May 28, 2009, Judge Berry denied Petitioner's PCRA claim, and on March 31, 2010, issued an opinion stating that the application was untimely. *Commonwealth v. Rosario*, No. 3343 EDA 2003 (Phila. Comm. Pl. Mar. 31, 2010). He also denied Petitioner's request that his appeal rights to be reinstated nunc pro tunc. *Id.* The court found that Rosario "knew, or should have known through the imputed association of his wife, on or around December 1, 2006 that his appeal had been dismissed." (*Id.*) The court cited Mrs. Rosario's letter to Mr. Griffith on December 1, 2006, where she acknowledged that she knew that no appeals were pursued. (*Id.*) The court stated that Petitioner would have had until February 2, 2007, or 60 days from the December 1st date, to have timely filed

---

[5] This document purportedly signed by Mr. Griffith and presented at the evidentiary hearing is not notarized and does not satisfy the requirements of 28 U.S.C. § 1746.

his petition under 42 Pa. Cons. Stat. § 9545(b)(1)(ii) if he was asserting "newly discovered facts" and seeking an exception to the limitation period. (*Id.*) Unfortunately, Rosario did not file his PCRA petition until September 17, 2007, more than seven months later. (Pet. Mem. at 4.) Judge Berry, relying upon 42 Pa. Cons. Stat. § 9545(b)(1)(ii) found it to be untimely.

On November 15, 2010, the Superior Court affirmed the PCRA court by concluding that the petition was indeed time-barred. *Commonwealth v. Rosario*, No. 1745 EDA 2009 (Pa. Super. Ct. Nov. 15, 2010). The Superior Court was "convinced [Rosario] could have learned of the dismissals of his appeals much sooner than the alleged August 29, 2007 discovery date, had [Rosario] exercised the requisite due diligence." *Id.* On May 12, 2011, the Supreme Court of Pennsylvania declined to exercise discretionary review. (Resp. at 10.) Petitioner filed his counseled habeas corpus application on January 20, 2012, eight months later. (Pet.)

## II.   DISCUSSION

As we set forth below, Rosario's federal habeas corpus petition is untimely under the one-year period of limitation of 28 U.S.C. § 2244(d)(1). Furthermore, he is not entitled to either statutory tolling under § 2244(d)(2), or any form of equitable tolling. We therefore recommend that this petition be dismissed as untimely.

### A.   Commencement of Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year period of limitation for the filing of an application for a writ of habeas corpus. The statute now provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

We first consider the date provided by § 2244(d)(1)(A). As described above, the Superior Court dismissed the appeal with regard to the two cases where Rosario's guilty pleas were upheld on November 17, 2003. He was then allowed a 30-day period to petition the Pennsylvania Supreme Court for further review before the cases became final on direct review. He did not avail himself of this option, and thus these two cases became final on December 17, 2003. A federal habeas petition challenging these convictions would had to have been filed on or before December 17, 2004 in order to be considered timely.

With regard to the case that went to trial, the Superior Court dismissed the appeal for failure to file a brief on May 19, 2005. The conviction became final on direct review 30 days later, on June 18, 2005. Therefore, a federal habeas petition relating to this conviction would had to have been filed by June 18, 2006, in order to be considered timely. Rosario did not file a federal petition related to any of his convictions until January 20, 2012, some five and a half years later, and, as we explain below, he is not entitled to the benefit of any tolling of the AEDPA limits in the interim. Therefore if § 2244(d)(1)(A) applies, Rosario's petition is clearly time-barred.

Rosario does not allege, nor does there appear to have been, any state action that impeded the filing of his claim that would invoke § 2244(d)(1)(B). Similarly, Petitioner does not appear to base any habeas claim upon a "newly recognized" constitutional right asserted that would invoke § 2244(d)(1)(C). Rosario does assert, however, that § 2244(d)(1)(D) provides for a later start date for the limitations period in his case. He contends that the dismissals of his appeals due to counsel failing to file briefs were the factual predicates of his claims for habeas relief, and these facts could not have been discovered through the exercise of due diligence before Rosario's wife's met with a new attorney on August 29, 2007. As the Third Circuit has recognized, however, § 2244(d)(1)(D) contemplates "when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it was actually discovered." *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004). Therefore, the fact that Rosario's wife learned of the dismissal of the appeals on August 29, 2007 does not necessarily determine the § 2244(d)(1)(D) date.

The Third Circuit has not set out a bright-line rule for determining what constitutes due diligence in the discovery of claims, but has stated that it "require[s] reasonable diligence [under] the circumstances." *Id.* In *Wilson v. Beard*, the court held that a prisoner *had* exercised due diligence and was entitled to a later claim accrual date where the factual predicate for the claim was a videotape concerning a prosecutor's jury selection practices, giving rise to a claim under *U.S. v. Batson*, 476 U.S. 79 (1986), that had received widespread attention on local newscasts. 426 F.3d 653, 660 (3d Cir. 2005). While Wilson had a television in his cell and access to local newspapers, the court did not hold him to a standard of continuously monitoring the local news for twelve or more years in order to discover the basis of his own *Batson* claim. *Id.* at 659-61. The court stated that the question of due diligence is not whether the petitioner "could have learned about the [factual

8

predicate] by happenstance; rather, it must be shown that, had he exercised due diligence, [petitioner] would have taken certain actions through which he would have learned of the [factual predicate]." *Id.* at 660.

In contrast to *Wilson*, the Third Circuit in *Schlueter* found that the petitioner *had not* exercised the due diligence required for a later starting date to the limitations period. 384 F.3d at 74. Schlueter alleged that he could not have found out until he hired his post-conviction attorney that his trial counsel was "civil law partners" with an Assistant District Attorney, that they had practiced and shared fees in civil cases, jointly owned their office space, and shared operating expenses. *Id.* at 72. The court found that Schlueter could have found the relationship out much sooner than the ten years it allegedly took, especially since his PCRA attorneys had found out about the relationship by simply reviewing matters of public record. *Id.* at 75.

The fact that Rosario's appeals had been dismissed was a matter of public record that either he or his wife could have learned of by merely contacting the Court of Common Pleas or the Prothonotary of the Pennsylvania Superior Court. Further, and more importantly, even if Rosario could establish that the limitations period commenced on the August 29, 2007 date when Mrs. Rosario met with present counsel, he still would have had to file for federal habeas relief by August 29, 2008 to be timely. He missed this deadline by more than three years and four months when he filed his habeas petition on January 20, 2012. Therefore, even if the limitations period began as late as the date he asserts that he discovered the factual predicate for his claim of abandonment by trial counsel, his petition would still be untimely.

B.  **Statutory Tolling**

Ordinarily, the time a petitioner spends exhausting state post-conviction or collateral review is not counted toward the period of limitations. *See* 28 U.S.C. § 2244(d)(2). Rosario's limitations period, however, is not subject to statutory tolling for the roughly four year period that he spent litigating his PCRA petition in that it was not "properly filed."[6]

The Supreme Court has made clear that a state petition for post-conviction relief or collateral review found to be untimely by a state court is not considered "properly filed" and therefore cannot act to toll the limitations period pursuant to § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Further, even if Rosario could obtain the benefit of a later limitations period starting date under § 2244(d)(1)(D), the time for filing in federal court would have begun on August 29, 2007. Since the PCRA petition filed on September 17, 2007 was found untimely, and did not toll the limitations period for filing the habeas petition, which would have run out by August 29, 2008, three years and four months before the January 2012 filing of this petition.[7] Petitioner is not therefore entitled to the benefit of statutory tolling under § 2244(d)(2)**.**

---

[6] We note that a state's decision with regards to timeliness of the filing of a state post-conviction petition is given great deference. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (stating that when a postconviction petition is untimely under state law, "that [is] the end of the matter" and the state petition does not act to toll the AEDPA limitations period). Here, the trial court found that Rosario's petition for PCRA relief was time-barred, and the Superior Court affirmed. *Commonwealth v. Rosario*, No. 3343 EDA 2003 (Phila. Comm. Pl. Mar. 31, 2010); *Commonwealth v. Rosario*, No. 1745 EDA 2009 (Pa. Super. Ct. Nov. 15, 2010).

[7] While it is true that a petitioner may try in good faith to exhaust his state court claims for years before finding they are untimely and therefore the habeas petition is time-barred, a petitioner can "avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416.

### C. Equitable Tolling

Since Rosario's petition is untimely under § 2244(d), the only way in which it could be considered timely is if he were found to be entitled to equitable tolling. The Supreme Court has held that the one-year limitations period for federal habeas corpus petitions is subject to equitable tolling. *See Holland v. Florida*, 130 S.Ct. 2549 (2010). In order for equitable tolling to be applied, however, the petitioner must show that he or she has "in some extraordinary way . . . been prevented from asserting his or her rights." *Id.* at 2571 (finding litigants are entitled to equitable tolling if they diligently pursue their rights and some extraordinary circumstance stood in their way). The petitioner must have also pursued his or her rights in the same "reasonably diligent" manner set out in 28 U.S.C. § 2244(d)(1)(D) relating to the discovery of the factual basis of claims. *See Schlueter*, 384 F.3d at 74 (describing diligence necessary to satisfy § 2244(d)(1)(D)).

The Third Circuit has cautioned "that courts should be sparing in their use of [equitable tolling]." *LaCava v. Kyler*, 98 F.3d 271, 275 (3d Cir. 2005). The court has found, for example, that a petitioner did not exercise the due diligence appropriate for equitable tolling when he allowed twenty-one months to pass after his petition for allowance of appeal was filed in state court before he inquired about its status.[8] *LaCava,* 98 F.3d 271. The Third Circuit has also refused to allow equitable tolling where an attorney specifically told a client that he would file an appeal but then failed to do so. *See Schlueter*, 384 F.3d 69. *See also Ceo v. Klem*, Civ. No. 04-3291, 2007 WL 2461743 (E.D. Pa. Aug. 31, 2005) (Report and Recomm., approved and adopted Jan. 20, 2006) (finding that equitable tolling was not appropriate where a petitioner waited ten months before

---

[8] The court found that the petitioner in *LaCava* knew, or should have known, that he had only three months remaining after the conclusion of the PCRA process to file a timely federal petition.

questioning his attorney's assurances that he would file an appeal).

Rosario's judgment from his two guilty pleas had become final on direct review on December 17, 2003, two years and eight months before his wife sent the first letter to Mr. Griffith. The first PCRA petition was not filed until September 17, 2007, three years and nine months after the judgment on the two guilty pleas became final on direct review. The judgment as to convictions obtained at trial became final on direct review one year and two months before Mrs. Rosario's first letter to Mr. Griffith. The September 2007 PCRA petition was filed more than two years and three months after the convictions at trial became final. More than four years and four months passed after the filing of Rosario's first PCRA petition before he filed his federal habeas petition. Further, even after the PCRA appeal process had ended on May 12, 2011, Rosario waited eight additional months before filing this habeas petition. These long periods of delay are not indicative of one exercising due diligence in the interest of protecting his own rights as is required for equitable tolling to apply. This is particularly true where Rosario has been represented by present counsel since 2007. *See Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006) (stating that when a petitioner "wait[s] more than eight months to file his habeas petition . . . [it] demonstrates that [he] did not diligently pursue available routes to collateral relief."); *Van Gore v. Shannon*, No. 04-CV-0888, 2004 WL 1849967, *5 n.6 (E.D. Pa. Aug. 18, 2004) (stating that waiting four months to file habeas petition after state court determined PCRA petition was untimely precluded equitable tolling). In that we find that Rosario failed to exercise reasonable diligence, it becomes unnecessary for us to address whether the asserted failings of Mr. Griffith in his representation on appeal amounted to "extraordinary circumstances" that prevented Rosario from asserting his rights in a timely manner.

**III.     CONCLUSION**

Rosario was required to bring any federal petition regarding his convictions by December 7, 2004 as to the two cases on which his guilty pleas were not withdrawn, and by June 18, 2006 as to the case that went to trial. He did not do so. Even if he could establish that his claims regarding the forfeiture of his direct appeal rights did not accrue until the time he alleges that he learned from his wife that his appeals had been dismissed, he still would have been required to file by August 29, 2008. He is entitled to neither statutory tolling under 28 U.S.C. § 2244(d)(2) nor equitable tolling. Accordingly, we recommend that Rosario's habeas corpus be dismissed as untimely.

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue. A COA should not issue unless the petitioner demonstrates that jurists of reason would debate whether the petition states a valid claim for the denial of a constitutional right. Where the district court has denied a claim on procedural grounds, a COA is not appropriate as to that claim unless it appears in addition that jurists of reason would find the correctness of the procedural ruling to be debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, for the reasons set forth above, we do not believe a reasonable jurist would find the Court to have erred in denying the present petition. According, we do not believe a COA should issue. Our Recommendation follows.

**RECOMMENDATION**

AND NOW, this   30th   day of July, 2012, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus be **DISMISSED.**  It is **FURTHER RECOMMENDED** that a certificate of appealability should **NOT ISSUE**, as we do not believe that Petitioner has made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the correctness of the procedural aspects of this Recommendation debatable.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


 /s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE